UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
COURT FILE NO.: _____

| | |
|---|---|
| WENDI J. MIHALIK,<br><br>Plaintiff,<br>v.<br><br>NCO FINANCIAL SYSTEMS, INC.<br><br>Defendant. | **VERIFIED COMPLAINT**<br><br><br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff, Wendi J. Mihalik, is a natural person who resides in the City of Pensacola, County of Escambia, State of Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant NCO Financial Systems, Inc. is a collection agency operating from an address of 507 Prudential Road, Horsham, PA 19044, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6. On or about April 24, 2004, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a credit card debt with Home Depot, which was used by Plaintiff for personal, family and household use.

7. Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendant for collection from the Plaintiff.

8. Between June 2008 and June 2009, Defendant contacted Plaintiff via telephone at her place of employment approximately 7 times. As the time passed, each phone call became increasingly more hostile and rude. After the first call, Plaintiff advised Defendant that she was unable to take personal calls at work and requested that no more collection calls be placed to her place of employment.

9. On July 14, 2009, Defendant notified Plaintiff via U.S. Mail that the above referenced account had been placed with Defendant for collection. Plaintiff responded to this communication with a written request that Defendant cease all communications and a request for verification of the debt.

10. On July 31, 2009, Defendant contacted Plaintiff via telephone at her place of employment in an effort to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2). Plaintiff was unavailable to take the call so Defendant left a voice message on a voice service which is accessible to Plaintiff's immediate supervisor and coworkers.

11. On September 3, 2009, Defendant mailed Plaintiff a "Settlement Offer" via U.S. Mail requesting a lump sum payment of $5,140.90 on the above referenced debt. (*See Ex. A. attached herein and incorporated by reference.*)

12. On September 22, 2009, a law firm representing Defendant responded to Plaintiff's written request referenced in paragraph 9 above, advising Plaintiff that NCO had ceased all collection activity on the Plaintiff's account. (*See Ex. B. attached herein and incorporated by reference.*)

13. On June 23, 2010, Defendant again contacted Plaintiff via telephone at her place of employment in an effort to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2). The caller identified himself as Don Marqui and was very rude. Plaintiff advised the caller she had previously requested that no collection calls be made to her place of employment and she renewed that request. The caller then stated that he would call "whenever he wanted".

### *Summary*

14. All of the above-described actions by Defendant, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692c(c), and 1692d, amongst others.

15. Defendant repeatedly contacted Plaintiff after the Plaintiff submitted a written notification that she wanted the collector to cease communication and, on at least one occasion, talked to the Plaintiff in a rude and disrespectful manner, and is in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §1692c(a)3, 1692c(c), 1692d, 1692d(2), 1692f, amongst others.

16. Defendant's actions in violation of the FDCPA as more fully described above were the direct and proximate cause of severe emotional distress.

17. Plaintiff has suffered actual damages as a result of illegal actions by the Defendant in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions.

## TRIAL BY JURY

18. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

19. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

21. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray that judgment be entered against each and every Defendant:

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff;

Respectfully submitted,

Dated: April 26, 2011

Martin S. Lewis, FL Bar # 0100587
Steven D. Jurnovoy, FL Bar # 938221
Brooke E. Sanchez, FL Bar # 26860
Lewis & Jurnovoy, PA
1100 North Palafox Street
Pensacola, FL 32501
Telephone: (850) 432-9110
Facsimile: (850) 433-8794
Email: brooke@4-debtor.com

**Attorneys for Plaintiff**

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF FLORIDA           )
                           )
COUNTY OF ESCAMBIA         )

Plaintiff John Chamberlin, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

_____
Wendi J. Mihalik

STATE OF FLORIDA
COUNTY OF ESCAMBIA

Sworn to (or affirmed) and subscribed before me this 26th day of April, 2011, by Wendi J. Mihalik.

SHERI KERR
MY COMMISSION # DD 727441
EXPIRES: January 14, 2012
Bonded Thru Notary Public Underwriters
(NOTARY SEAL)

_Sheri Kerr_
Signature of Notary
_Sheri Kerr_
Name of Notary Typed

Personally Known _____   OR Produced Identification __✓__
Type of Identification Produced _FL Driver License_

DEPT 72
WILMINGTON DE 19850

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

Calls to or from this company may be monitored or recorded for quality assurance.

NCO FINANCIAL SYSTEMS INC
507 Prudential Road, Horsham, PA 19044

1-800-747-5206 X5198
OFFICE HOURS:
8AM-9PM MON THRU THURSDAY
8AM-5PM FRIDAY
8AM-12PM SATURDAY
Sep 3, 2009

5465-5361

OL1215
WENDI J MIHALIK
4231 CRAWFORD DR
PENSACOLA FL 32504-7745

CREDITOR: CITIBANK (SOUTH DAKOTA), N.A.
ACCOUNT #: ████████8083
REGARDING: THE HOME DEPOT
PRINCIPAL: $ 10281.80
INTEREST: $ 0.00
INTEREST RATE:
COLLECTION CHARGES: $ 0.00
COSTS: $ 0.00
OTHER CHARGES: $ 0.00
TOTAL BALANCE: $ 10281.80

### * * * SETTLEMENT OFFER * * *

We have been authorized by the above referenced creditor to accept $5140.90 as a lump sum of the above amount. This offer may expire without notice. Before making payment, please confirm with one of our representatives that this offer has not expired.

Send your check or money order to the address listed below. Please make payment payable to Citibank.

If you have any further questions or need assistance, please contact us at 1-800-747-5206 X5198.

You may also make payment by visiting us online at www.ncofinancial.com. Your unique registration code is COL12157-24G1PJ.

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This is a communication from a debt collector.

PLEASE RETURN THIS PORTION WITH YOUR PAYMENT (MAKE SURE ADDRESS SHOWS THROUGH WINDOW)

| Account # | Total Balance |
|---|---|
| OL1215 | $ 10281.80 |
| WENDI J MIHALIK | |
| Payment Amount | |

$

Check here if your address or phone number has changed and provide the new information below.

Mail Payment To:

NCO FINANCIAL SYSTEMS
PO BOX 15889
WILMINGTON, DE 19850-5889

NCOP E1
5361

0172000L12150000000190000000000010281804

*Exhibit A*



## SESSIONS FISHMAN NATHAN & ISRAEL LLP
ATTORNEYS AT LAW

MICHELLE H. LYON
mlyon@sessions-law.biz

September 22, 2009

<u>Via U.S. Mail</u>

Ms. Wendi J. Mihalik
4231 Crawford Drive
Pensacola, FL 32504

Re:   **Wendi Mihalik v. NCO Financial Systems, Inc.**
      **NCO account no. OL1215**
      **Client account no. 603532015074****

Dear Ms. Mihalik:

SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P., represents NCO Financial Systems, Inc. (NCO), regarding the issues raised in your August 31, 2009 letter.

Your letter was just forwarded to me. NCO has ceased all collection activity on the account listed above.

Please contact me with any questions and thank you for your cooperation.

Very truly yours,

Michelle H. Lyon

MHL:aa
cc:   David Israel, Esq.
N:\NCO\! ADL Files\Mihalik, Wendi\ADL response cease calls.aa.doc

Exhibit B

Lakeway Two   Suite 200   3850 N. Causeway Blvd.   Metairie, Louisiana   70002-7227